**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **BASS STORAGE, LLC,**<br>***Plaintiff,***<br>**v.**<br>**SALTWATER BUILDERS, LLC, *et al.*,**<br>***Defendants.*** | **CIVIL ACTION NO.**<br>**5:25-cv-00315-TES** |

**ORDER DENYING DEFENDANTS ADAM COLLINS ENGINEERING, INC. AND ADAM COLLINS' MOTIONS TO DISMISS**

This case arises from a contract dispute. Plaintiff Bass Storage, LLC contends that it contracted with Defendants Saltwater Builders, LLC and Saltwater Fabrications LLC d/b/a/ Saltwater Builders, LLC (collectively, the "Saltwater Defendants") to build two docks. *See generally* [Doc. 31]. Plaintiff further alleges that the Saltwater Defendants then retained Defendant Adam Collins and his firm, Adam Collins, Engineering, Inc. (collectively, the "Collins Defendants"), to provide "all engineering services for the construction project at issue in this action." [*Id.* at pp. 2–3].

Now, the Saltwater Defendants seek contribution and indemnification from the Collins Defendants, contingent on the Saltwater Defendants being found liable due to any act or omission of the Collins Defendants. [Doc. 33, p. 17–19]. The Collins Defendants move to dismiss this crossclaim. [Doc. 37].

Specifically, Plaintiff alleges that the dock project suffered from defects in both its construction and its engineering. *See generally* [*Id.*]. Plaintiff brings claims of breach of contract, negligent design and construction, and breach of express warranty against the Saltwater Defendants; professional negligence against the Collins Defendants; and fraud and misrepresentation against both. [*Id.* at pp. 11–19]. Plaintiff also claims unjust enrichment against all Defendants in the alternative and seeks attorney's fees and punitive damages. [*Id.* at pp. 20–27].

The Saltwater Defendants answered Plaintiff's claim, denying it and asserting certain affirmative defenses. [Doc. 33]. In their answer, the Saltwater Defendants also brought a counterclaim against Plaintiff, [*Id.* at pp. 15–17], and a crossclaim against the Collins Defendants. [*Id.* at pp. 17–19]. In their crossclaim, the Saltwater Defendants bring indemnity and contribution claims against the Collins Defendants, alleging that they relied on professional engineering services the Collins Defendants provided in connection with the marina dock. [*Id.*].

Now, the Collins Defendants move to dismiss that crossclaim. Specifically, they assert that the crossclaim fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

After careful review of the facts as presented in the crossclaim, making all inferences in favor of the nonmoving party, the Court **DENIES** the Collins Defendants' motion to dismiss the crossclaim.

**FACTS AND BACKGROUND**

The Saltwater Defendants began their crossclaim against the Collins Defendants with denials. They denied all liability to Plaintiff. [Doc. 33, p. 17]. They denied that "any engineering services[] . . . associated with the project" were "defective or improper." [*Id.* at p. 18]. And, they denied that any engineering "plans, calculations, specifications, certifications, fabrication, installation, or construction associated with the project" were defective or improper. [*Id.*].

They then claim that Collins and his company provided professional engineering services in connection with the project—including engineering plans, specifications, calculations, [and] certifications[]"—that the Saltwater Defendants relied on. [*Id.*]; *see also* [*Id.* at p. 3]. Based on this assertion, the Saltwater Defendants claim they are entitled to a contingency plan: "indemnification and/or contribution" from Collins and his company if Plaintiff establishes liability against the Saltwater Defendants arising from these engineering services. [*Id.* at p. 18].

The Saltwater Defendants allege two counts against Collins: common law indemnity and contribution. [*Id.* at pp. 18–19]. Both counts purport to incorporate the foregoing paragraphs. [*Id.* at 19].

These foregoing paragraphs include denials of Plaintiff's specific allegations in the Second Amended Complaint. *See generally* [*Id.*]. These allegations include a description of the services Plaintiff claims the Collins Defendants were retained for and

negligently provided—in other words, the basis for potential liability. [Doc. 31, p. 14]. It claims that the Saltwater Defendants retained the Collins Defendants to provide professional engineering services including "buoyancy and flotation calculations, wind load structural design, connection and fastener specifications, and IBC 2021 compliance certification." [*Id.*]. The complaint further details exactly how the Collins Defendants allegedly failed to provide those services. [*Id.* at pp. 15–16].

The complaint referenced by the answer and crossclaim also describes another basis for the Collins Defendants' liability: alleged fraud and misrepresentation. [*Id.* at 17]. Plaintiff alleges that the Collins Defendants and Saltwater Defendants both represented that their services and plans "met the professional standards applicable to the design of a commercial floating marina dock system under IBC 2021," and that those representations were false due to engineering deficiencies. [*Id.*]. This, too, provides a basis for the Collins Defendants' potential liability.[1]

**<u>STANDARD OF REVIEW</u>**

Collins seeks to dismiss the Saltwater Defendants' crossclaim against him and his company for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 37, p. 1]. When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A

[1] The Second Amended Complaint also brings a punitive damages claim against all Defendants, a claim for attorney's fees and litigation expenses against the Collins Defendants for bad faith, and a claim for unjust enrichment against all Defendants in the alternative of a contract existing. *See generally* [*Id.*].

complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). The requirement is a plausibility standard, not a probability standard. *Iqbal*, 556 U.S. at 678. A well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 requires "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *McCullough*, 907 F.3d at 1333 (citation omitted), it only demands a "short and plain statement," not a statement with every possible detail. Fed. R. Civ. P. 8(a)(2). To that end, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at 555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679).

To decide whether a crossclaim survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that

are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

And, when analyzing a crossclaim, courts should keep in mind that a crossclaim "may include a claim that the coparty is or *may* be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." Fed. R. Civ. P. 13(g) (emphasis added). Put differently, crossclaims that must be couched in contingent terms—like those for indemnity and contribution after establishment of Plaintiff's liability—are expressly considered by the Rules.

With the foregoing standard in mind, taking the facts as asserted in the crossclaim as true, the Court rules on Defendants' Motion to Dismiss.

**DISCUSSION**

First up is the first step. The Court must identify the allegations in the crossclaim that are no more than mere conclusions. *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). Because the Collins Defendants' motion singles out paragraphs three and four of the crossclaim as especially conclusory, we will start there.

Paragraph three reads as follows: "The Collins Defendants provided professional engineering services in connection with the project." [Doc. 33, p. 18]. Paragraph four

continues by explaining why that matters: "The Saltwater Defendants relied upon engineering plans, specifications, calculations, and professional engineering services provided by the Collins Defendants." [*Id.*].

These paragraphs are short, but they are not conclusory. One paragraph alleges the fact that Collins provided engineering services. The other alleges the fact that Saltwater Defendants relied on those services when making their own decisions. These *are* factual assertions, however simple. In fact, after a review of the rest of the short crossclaim, it becomes clear that none of the few facts it alleges should be thrown out as mere legal conclusions.

So, we move on to step two. We ask a question: Assuming all the remaining factual allegations are true, do those allegations plausibly give rise to an entitlement to relief? *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679).

Here, the answer is yes. The factual allegations of the complaint meet the plausibility pleading standard. Although the Collins Defendants say that the Saltwater Defendants make "no allegations as to any factual content that allows this court to draw any reasonable inference that Defendant Collins is liable for any misconduct," [Doc. 37–1, p. 3], that is not the case.

The first two paragraphs of the crossclaim clearly couch it in terms of the Plaintiff's Second Amended Complaint. [Doc. 33, pp. 17–18]. By its own terms, the crossclaim does not and cannot exist in a vacuum. Then, the third and fourth

paragraphs factually allege what the Collins Defendants did and why it matters. [*Id.* at p. 18]. The Saltwater Defendants say they relied on engineering services Collins provided for the project at the heart of the litigation. [*Id.*]. Finally, the crossclaim rounds out its factual allegations in the fifth paragraph by explicitly tying the scope of the claimed indemnity and contribution liability to the Plaintiff's claims:

> To the extent, and only to the extent, Plaintiff establishes liability against the Saltwater Defendants arising from engineering services, engineering calculations, engineering specifications, engineering certifications, or professional engineering work allegedly performed by the Collins Defendants, which liability is expressly denied, the Saltwater Defendants are entitled to indemnity and/or contribution from the Collins Defendants.

[*Id.*].

Although the crossclaim does not include very *many* facts or specify the exact services or calculations it relied on, it succeeds at providing a short and plain statement of the claim beyond unadorned accusations, as appropriate under Rule 13. Based on the crossclaim's facts, which the Court accepts as true as it must, there is a possibility of indemnification or contribution liability, depending on how the facts turn out after discovery.

The Collins Defendants have notice of the grounds for potential indemnification and contribution. Further, the Saltwater Defendant's answer to the Plaintiff's Second Amended Complaint—found in the same document and adopted by reference—provides a play-by-play response to Plaintiff's more detailed allegations concerning the specific engineering services at issue. *See generally* [*Id.*]; *see also* Fed. R. Civ. P. 10(c) ("A

statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.”).

The Court is unpersuaded by the arguments for dismissal, i.e., that the crossclaim is just too vague to give notice of the Saltwater Defendants’ claim. Rule 12(b)(6) is not a tool for pruning conditional or alternative claims before the condition can be tested, and the plausibility requirement is not a verbosity requirement. The Court will allow the crossclaim to proceed to discovery.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Collins Defendants’ motion to dismiss the Saltwater Defendants’ crossclaim against them.

So ordered, this 8th day of September, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**